United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MINTEL LEARNING TECHNOLOGY, INC.,

    Plaintiff,

    v.

BEIJING KAIDI EDUCATION & TECHNOLOGY DEVELOPMENT CO., LTD, et al.,

    Defendants.
_____/

No. C 06-7541 PJH

**ORDER GRANTING MOTION TO QUASH SERVICE**

The motion of defendant Yalin Lin to dismiss the complaint for improper service, or in the alternative, to quash service as ineffective, came on for hearing before this court on March 28, 2007. Plaintiff Mintel Learning Technology, Inc., appeared by its counsel James Li, and defendant appeared by her counsel Leon Jew. Having read the parties' papers and carefully considered the arguments of counsel and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion to quash service, as follows and for the reasons stated on the record at the hearing.

Federal Rule of Civil Procedure 4 allows service "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). Strict compliance is required with the rules governing manner of service. Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2006) § 5:165. The more liberal rules applicable to defects in the form of summons do not apply to defects in service. Id.

Where the validity of service is contested by a motion under Federal Rules of Civil Procedure 12, the burden is on the plaintiff to establish that service was effective. Id. § 9:148. Plaintiff normally meets this burden by producing the process server's return of service. Id. § 9:149. That return is generally accepted as prima facie evidence that service was effected, and of the manner in which it was effected. Id.

Unless some defect in service is shown on the face of the return, a motion to dismiss under Rule 12(b)(5) requires defendant to produce affidavits, discovery materials, or other admissible evidence establishing the lack of proper service. Id. § 9:150. In response, the plaintiff must provide evidence showing that the service was proper, or creating an issue of fact requiring an evidentiary hearing to resolve. Id. § 9:151. If a Rule 12(b)(5) motion is granted, the court may either dismiss the action or retain the action and simply quash the service. Id. § 9:153.

Here, plaintiff filed a proof of service, signed by a registered process server under penalty of perjury, stating that defendant Lin had been personally served at a residence located at 6181 Rutherford Road, Oakland, California, on December 11, 2006. However, Lin provided evidence that she lives in China and was not present in the United States in December 2006, and that the copies of the summons and complaint were actually left with her daughter's non-English-speaking father-in-law, also a resident of China, who was visiting at the Oakland address on December 11.

Plaintiff's counsel attempted to argue at the hearing that plaintiff had effectuated adequate "substitute service" under California law. He also asserted that plaintiff should not be held to the requirement under California Code of Civil Procedure 415.20(b) that a defendant show that a good faith effort at personal service was attempted before the summons and complaint is served by substitute service. See Weil & Brown, California Practice Guide: Civil Procedure Before Trial (2007) § 4:196; Evartt v. Superior Court, 89 Cal. App. 3d 795, 801 (1979).

The court finds, however, not only that the proof of service is defective because it stated that Lin was personally served, when she apparently was not, but also that plaintiff

2

did not follow the requirements for "substitute service" as set forth in the California Code of Civil Procedure.   A party's actual notice of an action does not provide jurisdiction without substantial compliance with service of process requirements under Rule 4.  <u>Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.</u>, 840 F.2d 685, 688; <u>Benny v. Pipes</u>, 799 F.2d 489, 493-94 (9th Cir. 1986), <u>amended</u>, 807 F.2d 1514 (9th Cir. 1987).  Accordingly, defendant's motion to quash must be GRANTED.

In addition, as plaintiff has recently filed an amended complaint adding two defendants who have not yet been served, the court finds that the date for the initial case management conference should be CONTINUED.  The new date is Thursday, May 10, 2007, at 2:30 p.m.

**IT IS SO ORDERED.**

Dated:  March 28, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge