**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                   NORTHERN DISTRICT OF CALIFORNIA

8

9

10

11    MINTEL LEARNING TECHNOLOGY,
      INC.,
12
             Plaintiff,                    No. C 06-7541 PJH
13
             v.                            **ORDER GRANTING MOTION TO
14                                         DISMISS FOR FAILURE TO STATE A
      BEIJING KAIDI EDUCATION &            CLAIM; ORDER DENYING MOTION TO
15    TECHNOLOGY DEVELOPMENT CO.,          DISMISS FOR FAILURE TO JOIN AN
      LTD dba KAIDISOFT, et al.,           INDISPENSABLE PARTY**
16
             Defendants.
17    _____/

18          Before the court is the motion of defendants Yan Liu and Jun Zhang for an order

19    dismissing the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for

20    failure to state a claim, and pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure

21    to join an indispensable party.[1]  Having read the parties' papers and carefully considered

22    their arguments and the relevant legal authority, and good cause appearing, the court

23    hereby GRANTS the motion to dismiss for failure to state a claim, and DENIES the motion

24    to dismiss for failure to join an indispensable party.

25                                      **BACKGROUND**

26          Plaintiff Mintel Learning Technology, Inc. ("Mintel") is a California company that

27

28          [1]  In an order issued on May 18, 2007, the court vacated the hearing on the present
      motion.

**United States District Court**

For the Northern District of California

1   develops and markets products and services that facilitate the process of learning and

2   memory.  Mintel's products are used by students to prepare for standardized tests such as

3   the SAT, the TOEFL, the GRE, and to study English as a second language.

4   According to Mintel, its products are based on technology developed by Ningyuan

5   Wayne Yang, Ph.D., the former President and Chief Executive Officer of Mintel.  The

6   technology centers on a set of software modules referred to as the "memory engine," which

7   utilize various forms of user-machine interaction to facilitate the learning/memory process.

8   Dr. Yang co-founded Mintel with James Liu, who served as Mintel's Chief Executive

9   Officer from the company's inception in 2001 until he resigned from the board of directors

10   on March 19, 2005.  While he was CEO of Mintel, James Liu allegedly secretly registered,

11   under his own name with the United States Patent and Trademark Office, the trademarks

12   for "Mintel Learning Technology, Inc." and "Memory Engine."  He also allegedly copied

13   Mintel's source code and took it to China to develop a competing product.

14   In 2002, Mintel entered into a "Collaboration Agreement" with defendant Beijing

15   Kaidi Education & Technology Development Co. dba Kaidisoft ("Kaidi"), a Chinese

16   company based in Beijing.  Defendant Yalin Lin is the founder and president of Kaidi, and

17   allegedly resides in China and California.  The collaboration between the two companies

18   was allegedly initiated by James Liu and defendants Yan Liu and Jun Zhang, Yalin Lin's

19   daughter and son-in-law, both of whom reside in Oakland, California.

20   Under the Collaboration Agreement, Kaidi was authorized to distribute Mintel's

21   products in China.  Mintel asserts that James Liu subsequently secretly amended the

22   Collaboration Agreement in favor of Kaidi and to the detriment of Mintel.  The amendment

23   was ultimately rejected by the Mintel board.

24   In March 2004, James Liu registered his own company, US Ivy Learning Networks,

25   Inc.  James Liu also allegedly authorized Kaidi to obtain a trademark for "Mintel Memory

26   Easy" in Kaidi's name.  Mintel asserts that Kaidi then began falsely representing itself to the

27   general public as the exclusive distributor of Mintel products in China.

28   In June 2004, Mintel sued James Liu for breach of fiduciary duty and fraud in the

United States District Court

For the Northern District of California

Superior Court of California, County of Alameda (Case No. HG04159905).  On July 20,

2004, pursuant to stipulation, the Superior Court entered a preliminary injunction, requiring

James Liu to return or destroy Mintel's source code, and to return all Mintel's property,

including funds in bank accounts and trademarks; and prohibiting him from further

breaching his fiduciary duty and duty of loyalty to Mintel, and from further utilizing Mintel's

source code.[2]

On July 9, 2004, Mintel terminated the Collaboration Agreement.  Mintel asserts that

Kaidi continued to market Mintel's products after the termination of the Collaboration

Agreement, and continued to falsely claim that it was Mintel's exclusive distributor in China.

Mintel also alleges that Kaidi has continued its collaboration with James Liu, featuring him

in numerous advertisements and television commercials for illegal sales of Mintel products.

Mintel filed this action on December 8, 2006, against Kaidi and Yalin Lin, alleging

breach of contract, misappropriation of trade secrets, false advertising, copyright

infringement, civil conspiracy, and unfair competition.  On March 16, 2007, Mintel amended

the complaint, to add Yan Liu and Jun Zhang as defendants.

Yan Liu and Jun Zhang now seek an order dismissing all claims asserted against

them in the first amended complaint ("FAC"), for failure to state a claim and for failure to

join an indispensable party.

**DISCUSSION**

A.    Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

alleged in the complaint.  <u>Ileto v. Glock, Inc.</u>, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

Review is limited to the contents of the complaint.  <u>Allarcom Pay Television, Ltd. v. Gen.</u>

---

[2] On May 24, 2005, Mintel and James Liu entered into a final settlement and Mintel
dismissed the state court action.  Pursuant to the settlement agreement, Liu was prohibited
from using or disclosing Mintel's trade secrets, and was also barred from competing with Mintel
in the United States for two years, starting on May 18, 2005.  On May 18, 2006, Mintel filed suit
against Liu and other defendants, alleging that Liu had breached the settlement agreement.
<u>See  Mintel Learning Tech., Inc. v. US Ivy Learning Networks, Inc., et al.</u>, No. C-06-4994 JW
(N.D. Cal.) (Jt. Case Mgmt Conf. Statement, filed Nov. 17, 2006, at 1-2).

United States District Court

For the Northern District of California

Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.  Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests."  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). All allegations of material fact are taken as true.  Erickson, 127 S.Ct. at 2200.  However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic, 127 S.Ct. at 1964-65 (citations and quotations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level."  Id. at 1965.  A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face.  See id. at 1966-67.

Yan Liu and Jun Zhang argue that all claims asserted against them should be dismissed for failure to state a claim.  They contend that none of the six claims is adequately pled, and claim that Mintel has attempted to bring them into this lawsuit by simply asserting the "bald legal conclusion" that they conspired with Kaidi and Yalin Lin to engage in the wrongs alleged in the complaint.  They contend that none of the causes of action pleads facts sufficient to put them on notice of the claims asserted against them.

In opposition, Mintel argues that the centerpiece of the present action is the allegation that Yan Liu and Jun Zhang conspired with Kaidi, Yalin Lin, and third party James Liu.  Mintel contends that the FAC properly alleges a claim of civil conspiracy against Yan Liu and Jun Zhang, and also pleads sufficient facts to state a claim of breach of contract, misappropriation of trade secrets, false advertising, copyright infringement, and unfair competition.  Thus, Mintel asserts, the FAC adequately alleges all claims against Yan Liu and Jun Zhang, by means of the civil conspiracy claim.

United States District Court

For the Northern District of California

1          1.      Civil conspiracy

2          In the sixth cause of action for civil conspiracy, Mintel asserts that defendants

3    conspired with James Liu to misappropriate Mintel's software and other trade secrets, to

4    copy Mintel's copyrighted software, to commit fraud against Mintel, and to engage in false

5    advertising and unfair competition.  Mintel alleges that James Liu and the defendants

6    formed an agreement that sets forth a common plan to use Mintel's trade secrets,

7    copyrighted materials, and trademarks to compete with Mintel, to commit fraud against

8    Mintel, to falsely advertise Kaidi as Mintel's distributor, and to engage in unfair competition.

9    Mintel asserts that defendants engaged in overt acts to further the goals the agreement,

10   including selling Mintel products without authorization, entering a secret amendment to the

11   Collaboration Agreement, and coordinating in the publication of defamatory e-mails to

12   Mintel's shareholders.

13         Yan Liu and Jun Zhang argue that the civil conspiracy claim should be dismissed

14   because the FAC alleges nothing more than a "bald conclusion of law from its alleged

15   scenario without facts."  Although the argument is not entirely clear, Yan Liu and Jun Zhang

16   seem to be arguing that the civil conspiracy claim does not state a claim because it does

17   not plead sufficient facts, and because agents or employees of a corporation (as Yan Liu

18   and Jun Zhang are alleged to be) cannot be co-conspirators with the corporation.

19         In opposition, Mintel contends that the FAC pleads sufficient facts to support the

20   conspiracy claims.  Mintel asserts that the FAC alleges that Yan Liu and Jun Zhang were

21   involved in Kaidi's business affairs in a substantial way when James Liu was CEO of Mintel;

22   that Yan Liu and Jun Zhang initiated the collaboration between Kaidi and Mintel, and

23   participated in the negotiation between Kaidi and Mintel; that an agreement was formed

24   among James Liu and the defendants, "which set forth a common plan to use Mintel's trade

25   secrets, copyrighted materials, and trademarks to compete with Mintel, to commit fraud

26   against Mintel, to falsely advertise Kaidi as Mintel's distributor, and to commit unfair

27   competition against Mintel."

28         Mintel also asserts that the FAC adequately pleads the various acts committed by

5

United States District Court

For the Northern District of California

1  defendants in furtherance of the conspiracy – that James Liu secretly amended the

2  Collaboration Agreement in favor of Kaidi and in detriment to Mintel; that he authorized

3  Kaidi to obtain the trademark "Mintel Memory Easy" in Kaidi's name; that Kaidi falsely

4  claimed it was Mintel's exclusive distributor in China; that defendants, including Yan Liu and

5  Jun Zhang sold Mintel's products without authorization and entered into a secret agreement

6  to amend the Distribution Agreement.  Mintel contends that "[a]ll these wrongdoings were

7  conducted through the conspiracy," and that the FAC therefore adequately states claims

8  against Yan Liu and Jun Zhang for their participation in the conspiracy to misappropriate

9  Mintel's trade secrets, engage in false advertising, infringe Mintel's copyrights, and engage

10  in unfair competition.

11          In reply, Yan Liu and Jun Zhang assert that Mintel's pleading of civil conspiracy is

12  deficient because the FAC fails to allege either fraud or the elements of civil conspiracy

13  with particularity.  They assert that "since conspiracy is the only claim against Yan Liu and

14  Jun Zhang, they should be dismissed from the case."

15          The court finds that the motion must be GRANTED, though not for the reasons

16  argued by Yan Liu and Jun Zhang.  Civil conspiracy is not a separate and distinct cause of

17  action under California law.  Entm't Research Group, Inc. v. Genesis Creative Group, Inc.,

18  122 F.3d 1211, 1228 (9th Cir. 1997).  Instead, it is "a legal doctrine that imposes liability on

19  persons who, although not actually committing a tort themselves, share with the immediate

20  tortfeasors a common plan or design in its preparation."  Applied Equip. Corp. v. Litton

21  Saudi Arabia Ltd., 7 Cal. 4th 503, 510-11 (1994).  Thus, the sixth cause of action must be

22  dismissed, and the civil conspiracy allegations must be separately pled as to each of the

23  substantive causes of action.  See Accuimage Diagnostics Corp. v. Terarecon, Inc., 260

24  F.Supp. 2d 941, 947-48 (N.D. Cal. 2003).

25          The elements of a civil conspiracy are (1) the formation and operation of a

26  conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising

27  from the wrongful conduct.  Applied Equip., 7 Cal. 4th at 511; see also Doctors' Co. v.

28  Superior Court, 49 Cal. 3d 39, 44 (1989).  Each member of the alleged conspiracy must be

legally capable of committing the underlying tort – that is, each member must owe a duty to the plaintiff that is recognized by law and must be potentially subject to liability for breach of that duty – and must intend the success of the purpose of the conspiracy. Applied Equip., 7 Cal. 4th at 511. In addition, all elements of the underlying tort must be satisfied. See id. If the plaintiff fails to adequately plead the underlying claim, the corresponding conspiracy claim must also fail. Id.

With regard to the pleading standard, it is true that courts have applied a heightened pleading standard to claims of civil conspiracy – but generally only with respect to claims of civil conspiracy to commit fraud. See, e.g., Wasco Prods., Inc., v. Southwall Techs., Inc., 435 F.3d 989, 990-91 (9th Cir. 2006) (plaintiff must plead California civil conspiracy claim with particularity where object of agreement is fraudulent). Here, however, it is not clear whether Mintel intends to allege either a unified course of fraudulent conduct or some overriding fraudulent objective.

The sixth cause of action for civil conspiracy alleges that "[d]efendants conspired with [James] Liu to misappropriate Mintel's software and other trade secrets, to copy Mintel's copyrighted software, to commit fraud against Mintel, to conduct false advertisement, and to commit unfair competition." FAC ¶ 55 (emphasis added). Thus, while Mintel alleges no separate cause of action for fraud, it is possible that at least some of the claims may sound in fraud. In amending the complaint, Mintel must clarify which claims, if any, allege fraudulent conduct. Moreover, to the extent that Mintel does allege fraudulent conduct, the civil conspiracy allegations must be amended to include particularized facts.

2.     Breach of contract

In the first cause of action for breach of contract, Mintel alleges that Kaidi breached the Collaboration Agreement by failing to meet sales targets and by failing to make payment to Mintel according to the terms of the agreement. Mintel asserts that Yan Liu, Jun Zhang, and Yalin Lin conspired with Kaidi to breach the Collaboration Agreement.

Yan Liu and Jun Zhang argue that they cannot be liable for breach of the

7

1   Collaboration Agreement because neither of them was a party to the contract, or a

2   guarantor of the contract.  They assert further that they cannot be liable for breach of

3   contract under a civil conspiracy theory, because under California law civil co-conspirator

4   liability extends only to torts committed by co-conspirators, not to contractual wrongs.

5       In opposition, Mintel argues that the act of breaching a contract can give rise to a

6   claim for breach of the implied covenant of good faith and fair dealing, which may be

7   actionable in either tort or contract.  Mintel asserts that the FAC adequately alleges a claim

8   of conspiracy to breach the implied covenant of good faith and fair dealing, and argues that

9   the general proposition that California does not allow a finding of conspiracy to breach a

10  contract is "oversimplified," as every claim of breach of contract potentially includes both a

11  tort claim and a contract claim.

12      Mintel asserts that it is sufficient to allege, as here, that the Collaboration Agreement

13  was a valid and binding contract between Mintel and Kaidi, and that Yalin Lin, Yan Liu, and

14  Jun Zhang conspired with Kaidi to breach that agreement.  Mintel also asserts that the

15  allegation that James Liu secretly amended the Collaboration Agreement in favor of Kaidi

16  and in detriment to Mintel, if proven true, will establish the bad faith of Kaidi in breaching

17  the implied covenant.  Thus, Mintel argues, the FAC adequately pleads the elements of a

18  conspiracy to commit the "tortified breach of contract."

19      In reply, Yan Liu and Jun Zhang address only the claim of civil conspiracy, and do

20  not specifically respond to Mintel's arguments regarding the breach of contract claim.

21      The court finds that the motion must be GRANTED as to the breach of contract

22  claim.  It is undisputed that under California law, civil co-conspirator liability extends only to

23  torts committed by co-conspirators, not to contractual wrongs.  Applied Equip., 7 Cal. 4th at

24  513-18.  Thus, Yan Liu and Yalin Lin cannot be liable for conspiracy to breach the

25  Collaboration Agreement.

26      Mintel argues, however, that the FAC actually alleges a claim for breach of the

27  implied covenant of good faith and fair dealing, a tort, and that the FAC states a claim

28  against Yan Liu and Jun Zhang for conspiracy to breach the implied covenant.  Under

United States District Court

For the Northern District of California

California law, every contract contains an implied covenant of good faith and fair dealing. Cates Constr., Inc. v. Talbot Partners, 21 Cal. 4th 28, 43 (1999) (citing Foley v. Interactive Data Corp., 47 Cal. 3d 654, 683 (1988)).  This implied covenant requires that neither party do anything that will deprive the other party of the benefits of the agreement.  Id.; Walker v. Truck Ins. Exchange, Inc., 11 Cal. 4th 1, 36 (1995).

Nevertheless, the implied covenant of good faith and fair dealing does not extend beyond the terms of the contract at issue.  Poway Royal Mobilehome Owners Ass'n v. City of Poway, 149 Cal. App. 4th 1460, 1477 (2007).  Since Yan Liu and Jun Zhang were not parties to the Collaboration Agreement, they did not have an independent duty not to violate covenant of good faith and fair dealing.  Further, because they were not legally capable of breaching the implied covenant, they may not be held liable as a matter of law for conspiracy to commit the underlying tort.

Mintel argues that if the court dismisses this cause of action, it should be permitted leave to amend.  When a cause of action is dismissed for failure to state a claim, leave to amend should be freely granted, unless the court determines that "the pleading could not possibly be cured by the allegation of other facts."  Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (quotation and citation omitted).  Here, the court finds that no amendment can cure the deficiencies of the cause of action for breach of contract asserted against Yan Liu and Jun Zhang.  Accordingly, the dismissal is without leave to amend.

3.    Misappropriation of trade secrets

In the second cause of action for misappropriation of trade secrets, Mintel asserts that Kaidi used its distributorship and its secret relationship with James Liu to obtain Mintel's confidential information, including Mintel's customer lists and software design, source code, database, and sound files.  Mintel alleges that Yalin Lin entered the Collaboration Agreement on behalf of Kaidi, conspired with James Liu to dilute Mintel's profit share, and was directly involved in acquiring Mintel's trade secrets and using that confidential information for her own benefit.  Mintel asserts that Yan Liu and Jun Zhang conspired with Lin and Kaidi to misappropriate Mintel's trade secrets.

9

United States District Court

For the Northern District of California

1    As with the first cause of action, Yan Liu and Jun Zhang contend that the claim of

2  misappropriation of trade secrets fails to state a claim against them because Mintel has

3  simply offered a "bald conclusion of law" – that Yan Liu and Jun Zhang "conspired with"

4  Kaidi.

5    In opposition, Mintel argues that it has adequately asserted a claim of

6  misappropriation of trade secrets, by alleging that it maintains its source code, database,

7  and sound files as confidential information; that it has exercised reasonable diligence to

8  preserve the confidentiality of that information, including using firewalls and requiring users

9  to supply log-ins and passwords, and limiting employee access to the information; that

10  Yalin Lin was directly involved in acquiring Mintel's trade secrets, and using them for her

11  own benefit and in detriment to Mintel's interest; and that Yan Liu and Jun Zhang formed an

12  agreement with James Liu to use Mintel's trade secrets.

13    Mintel disputes the suggestion that Yan Liu and Jun Zhang cannot be liable for

14  misappropriation of trade secrets simply because they did not participate in the alleged

15  misappropriation, arguing that defendants have mischaracterized the standard for alleging

16  civil conspiracy.  Mintel asserts that all the defendants can be found jointly and severally

17  liable for the misappropriation even though Yan Liu and Jun Zhang may not have

18  personally stolen Mintel's trade secrets.

19    Yan Liu and Jun Zhang do not respond directly to these arguments in their reply to

20  the opposition.

21    The court finds that the motion must be GRANTED, with leave to amend.  To state a

22  cause of action for misappropriation of trade secrets under California's Uniform Trade

23  Secrets Act, a plaintiff must plead two primary elements – the existence of a trade secret,

24  and misappropriation of the trade secret.  See Cal. Civ. Code § 3426.1(b); Accuimage, 260

25  F.Supp. 2d at 950.  Here, Mintel has adequately stated a claim for misappropriation of trade

26  secrets, at least as to Kaidi, and also possibly as to Yalin Lin.

27    As indicated above, however, in the discussion of the civil conspiracy claim, Mintel

28  must plead civil conspiracy as to Yan Liu and Jun Zhang, with regard to the cause of action

United States District Court

For the Northern District of California

1    for misappropriation of trade secrets.  It is not sufficient – as here – that Mintel scatters the

2    allegations of formation of the conspiracy, wrongful conduct in furtherance of the

3    conspiracy, and damages arising from the wrongful conduct throughout the FAC, and then

4    simply alleges that Yan Liu and Jun Zhang "conspired with Lin and Kaidi, to misappropriate

5    Mintel's trade secrets."

6            4.      False advertising in violation of § 43 of the Lanham Act

7            In the third cause of action for false advertising, Mintel alleges that after the

8    Collaboration Agreeement was terminated in 2004, Kaidi and Yalin Lin continued their

9    distribution using Mintel's trademark, and falsely represented that Kaidi was the exclusive

10   distributor of Mintel products, in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a)

11   and California common law.  Mintel asserts that Yan Liu and Jun Zhang conspired with Lin

12   and Kaidi to engage in false advertising.

13           Yan Liu and Jun Zhang argue that the FAC does not state a claim against them for

14   false advertising under the Lanham Act because Mintel fails to allege that either Yan Liu or

15   Jun Zhang was an "advertising doer" under the Lanham Act.  Yan Liu and Jun Zhang also

16   argue that neither of them was a competitor of Mintel, and that fact that they are related to

17   Yalin Lin, Kaidi's CEO, does not make them competitors with Mintel.  In addition, Yan Liu

18   and Jun Zhang contend that because a Lanham Act false advertising claim is a claim of

19   fraud, it is subject to a heightened pleading standard under Federal Rule of Civil Procedure

20   9(b).  They assert that the claim for false advertising also fails to state a claim because it

21   does not identify the false and misleading statements they are alleged to have made, and

22   because it simply alleges that they "conspired with" Kaidi.

23           In opposition, Mintel asserts that Kaidi is a competitor of Mintel, and claim that it is

24   irrelevant that Yan Liu and Jun Zhang are not themselves competitors.  Mintel contends

25   that the alleged conspiracy is sufficient to impose liability on Yan Liu and Jun Zhang for

26   false advertising, just as on Kaidi.  Mintel also disputes the argument that a Lanham Act

27   false advertising claim must be pled with particularity under Rule 9(b).  Mintel asserts that

28   there is no heightened pleading requirement for a false advertising claim.  Mintel does not

United States District Court

For the Northern District of California

1   address the claim that the false advertising claim is inadequately pled because it does not

2   identify the alleged false and misleading statements.

3       In their response, Yan Liu and Jun Zhang do not respond to Mintel's argument that

4   the conspiracy allegation obviates the need to allege that they were competitors of Mintel.

5   They do argue, however, that civil conspiracy mandates a heightened pleading when the

6   object of the conspiracy is fraudulent, although they do not specify whether they are

7   referring in this argument to the false advertising claim or to some other claim.

8       The court finds that the motion must be GRANTED, with leave to amend.  Section

9   43(a) of the Lanham Act, 15 U.S.C. § 1125(a), prohibits the use of false designations of

10  origin, false descriptions, and false representations in the advertizing and sale of goods and

11  services.  Jack Russell Terrier Network of Northern Cal. v. American Kennel Club, Inc., 407

12  F.3d 1027, 1036 (9th Cir. 2005).

13      To state a claim for false advertising under the Lanham Act, a plaintiff must allege

14  1) that the defendant made a false statement of fact in a commercial advertisement or

15  promotion about its own or another's product; 2) that the statement actually deceived or

16  has the tendency to deceive a substantial segment of its audience; 3) that the deception is

17  material, in that it is likely to influence the purchasing decision; 4) that the defendant

18  caused its false statement to enter interstate commerce; and 5) that the plaintiff has been

19  or is likely to be injured as the result of the foregoing either by direct diversion of sales from

20  itself to defendant, or by lessening of the good will which its products enjoy with the buying

21  public.  15 U.S.C. § 1125(a); see Cook, Perkiss and Leihe, Inc. v. Northern California

22  Collection Service, Inc., 911 F.2d 242, 244 (9th Cir. 1990).

23      Here, the FAC alleges that Kaidi and Yalin Lin made representations, via Kaidi's

24  website, that Kaidi is the exclusive distributor of Mintel products, and that Kaidi and Yalin

25  Lin continued distributing Kaidi's products using Mintel's trademark.  The FAC also alleges

26  that any member of the public in California or the United States can access the website,

27  and can purchase Kaidi's products by calling the telephone number posted on the website.

28  The FAC asserts that the misrepresentations deceive the public because they create a

United States District Court

For the Northern District of California

1   false impression that Kaidi is selling Mintel's products and offering technical support with

2   Mintel's permission, when in fact Mintel long since terminated its relationship with Kaidi.

3   Finally, the FAC alleges that Yan Liu and Jun Zhang conspired with Yalin Lin and Kaidi to

4   publish the false advertisements.

5          The court finds that these allegations adequately state a claim of false advertising in

6   violation of § 43 of the Lanham Act, at least as to Kaidi, and possibly as to Yalin Lin.

7          As indicated above, however, Mintel must plead civil conspiracy as to Yan Liu and

8   Jun Zhang, with regard to the cause of action for false advertising.  It is not sufficient – as

9   here – that Mintel scatters the allegations of formation of the conspiracy, wrongful conduct

10  in furtherance of the conspiracy, and damages arising from the wrongful conduct

11  throughout the FAC, and then simply alleges that Yan Liu and Jun Zhang "conspired with

12  Lin and Kaidi, to commit the false advertisement."

13         Finally, Yan Liu and Jun Zhang provide no persuasive authority for their claim that

14  this cause of action is subject to a heightened pleading standard.  To the extent that Yan

15  Liu and Jun Zhang argue that they have had no involvement with the distribution of or

16  advertising for Kaidi's products, such a dispute is not appropriate for resolution on a Rule

17  12(b)(6) motion.

18         5.     Copyright infringement

19         In the fourth cause of action for copyright infringement, Mintel alleges that it owns

20  the copyright for the Mintel source code, and has obtained or has applied for copyright

21  registration certificates for the source code.  Mintel asserts that by causing, accomplishing,

22  participating in, and enabling the actual or imminent unauthorized copying and electronic

23  distribution of unauthorized copies of Mintel's source code in the United States, defendants

24  have engaged in, and continue to engage in, copyright infringement in violation of §§ 106

25  and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

26         Yan Liu and Jun Zhang argue that the fourth cause of action does not state a claim

27  for copyright infringement, because it does not specifically allege any conduct of "copying."

28  They also assert that the FAC is deficient because it fails to explain the "scope and nature"

13

United States District Court

For the Northern District of California

1    of the authorization under the alleged "valid and binding agreement" (referring to the

2    Collaboration Agreement).  They contend that it would be "unfair for Ms. Liu and Mr. Zhang

3    that [p]laintiff grab them under this [c]ourt's jurisdiction in this copyright infringement lawsuit

4    by declaring a 'valid and binding agreement' . . . and at the same time hiding the scope of

5    the alleged distribution agreement between the two companies."  They contend that

6    because the scope of the Collaboration Agreement is at issue in this lawsuit, Mintel cannot

7    adequately state a claim for copyright infringement unless it discloses the scope and nature

8    of the authorization under that agreement.

9        In opposition, Mintel argues that it is not obligated to allege that Yan Liu and Jun

10   Zhang themselves actually did the copying of the copyrighted material, so long as there is a

11   specific allegation that they were part of a conspiracy to copy Mintel's software, and that

12   the software was in fact copied.  Mintel asserts that the FAC adequately alleges that Kaidi

13   and Yalin Lin engaged in the unauthorized copying and distribution of Mintel's source codes

14   and derivatives, and that Yan Liu and Jun Zhang conspired with Kaidi and Yalin Lin in this

15   endeavor.  Mintel disputes the suggestion that the "scope and nature" of the Collaboration

16   Agreement is relevant to determining whether this cause of action states a claim against

17   Yan Liu and Jun Zhang.

18       Yan Liu and Jun Zhang do not specifically respond to these arguments in their reply

19   to Mintel's opposition.

20       The court finds that the motion must be GRANTED, with leave to amend.  To state a

21   claim for copyright infringement, the claimant must allege ownership of a copyright and

22   copying of protected elements by the defendant.  Three Boys Music Corp. v. Bolton, 212

23   F.3d 477, 481 (9th Cir. 2000).  The FAC satisfies the pleading requirements, at least as to

24   Kaidi, and possibly as to Yalin Lin.

25       As indicated above, however, Mintel must plead civil conspiracy as to Yan Liu and

26   Jun Zhang, with regard to the claim of copyright infringement.  It is not sufficient – as here –

27   that Mintel scatters the civil conspiracy allegations throughout the FAC.  Moreover, the

28   copyright infringement claim does not even contain the conclusory assertion that Yan Liu

14

United States District Court

For the Northern District of California

1   and Jun Zhang "conspired with Lin and Kaidi" to infringe Mintel's copyrights.

2       6.      Unfair competition

3       In the fifth cause of action for unfair competition, Mintel alleges that the illegal,

4   unlawful, and/or fraudulent conduct (asserted in the first through fourth causes of action) by

5   defendants constitutes unfair competition in violation of California Business & Professions

6   Code § 17200.

7       Yan Liu and Jun Zhang argue that this claim against them should be dismissed

8   because Mintel fails to state that either of them is or was in competition with Mintel, and

9   because (as with the fourth cause of action) Mintel fails to disclose the scope and nature of

10  the authorization under the Collaboration Agreement.  They also assert that the FAC fails to

11  adequately allege an "unfair" act or practice, as is required to state a claim for unfair

12  competition under § 17200.  In particular, they contend that they are not shareholders,

13  employees, or beneficiaries of Kaidi, and argue that the FAC does not allege facts showing

14  the "unfair" nature of the conduct, and does not allege that the harm caused by the conduct

15  outweighs any benefits the conduct might have.

16      In opposition, Mintel contends that the FAC adequately alleges a § 17200 claim

17  because it asserts "violat[ions] of state laws on contract, trade secrets, and the federal law

18  on false advertisement."  Mintel also argues that the scope and nature of the Collaboration

19  Agreement is irrelevant in the context of the § 17200 claim; and that "under the unlawful

20  and fraudulent prongs of the UCA, it is not required that Kaidi be a competitor of Mintel, so

21  long as it has committed unlawful or fraudulent business practices."

22      Yan Liu and Jun Zhang do not specifically respond to the arguments in Mintel's

23  opposition.  They argue only that the § 17200 claim should be dismissed because Mintel

24  asserts "illegal, unfair, and/or fraudulent conduct by [d]efendants," but fails to plead either

25  the § 17200 claim or the civil conspiracy allegations with particularity.

26      The court finds that the motion must be GRANTED, with leave to amend.

27  California's unfair competition law, Business & Professions Code §§ 17200, et seq., "does

28  not proscribe specific practices." Cel-Tech Commc'ns v. L.A. Cellular, 20 Cal. 4th 163, 180

(1999).  Instead, it defines "unfair competition" to include any "unlawful, unfair or fraudulent business act or practice."  Bus. & Prof. Code § 17200.  Because it is written in the disjunctive, "it establishes three varieties of unfair competition."  A practice may be prohibited as "unfair" or "deceptive" even if not "unlawful," and vice versa.  Cel-Tech, 20 Cal. 4th at 180.

While the elements of an unfair competition claim derive from state substantive law, the degree of specificity required is governed by the Rules of Civil Procedure.  See Taylor v. U.S., 821 F.2d 1428, 1432 (9th Cir. 1987).  Under Rule 8(a), a plaintiff is required to provide only a "short and plain statement of the claim showing that the pleader is entitled to relief."  The plaintiff is not required to set out in detail the facts upon which he bases his claim; the allegations are sufficient so long as they provide fair notice of what the plaintiff's claim is and the grounds upon which it rests.  Bell Atlantic, 127 S.Ct. at 1964.

Here, however, the FAC does not provide Yan Liu and Jun Zhang with fair notice of the § 17200 claim or the grounds upon which it rests.  Mintel simply alleges that "[t]he foregoing illegal, unfair, and/or fraudulent conduct . . . constitutes unfair competition."  Even by liberal federal pleading standards, such an allegation is completely inadequate.  Mintel must specify the conduct that is alleged to be illegal, must specify the conduct that is alleged to be unfair, and must allege the conduct that is alleged to be fraudulent, if any.

Moreover, claims that are "grounded in fraud" or that "sound in fraud" must satisfy the particularity requirement of Federal Rule of Civil Procedure Rule 9(b).  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003).  Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity."

Thus, to the extent that Mintel alleges that any defendant engaged in fraudulent conduct, the amended complaint must allege specific facts supporting the elements of a fraud claim – misrepresentation, knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damage, see Conrad v. Bank of America, 45 Cal. App. 4th 133, 156 (1996) – and must allege the precise time, place, and nature of the misleading statements,

United States District Court

For the Northern District of California

1   misrepresentations, or specific acts of fraud.  See Kaplan v. Rose, 49 F.3d 1363, 1370 (9th

2   Cir. 1994); In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994).

3          Similarly, "if the object of [a] conspiracy is fraudulent," a plaintiff must comply with

4   Rule 9(b) and must also plead the basic elements of a civil conspiracy.  Wasco Prods., Inc.

5   v. Southwall Techs., Inc., 435 F.3d 989, 990-91 (9th Cir. 2006).  Thus, to the extent that

6   Mintel alleges that Yan Liu and Jun Zhang engaged in a conspiracy to defraud, both the

7   underlying cause of action – whether § 17200 or some other claim – and the civil

8   conspiracy allegations must be pled with specificity.

9   B.     Motion to Dismiss for Failure to Join an Indispensable Party

10         Yan Liu and Jun Zhang argue that the complaint should be dismissed pursuant to

11  Federal Rule of Civil Procedure 12(b)(7).  Under Rule 12(b)(7), a party may bring a motion

12  to dismiss for "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  Rule 19

13  governs compulsory joinder of parties.  A Rule 12(b)(7) motion will be granted only if the

14  court determines that joinder of the party is not possible, and that the party is, in fact,

15  "indispensable."  Shermoen v. U.S., 982 F.2d 1312, 1317 (9th Cir. 1992).

16         Yan Liu and Jun Zhang note that Mintel alleges that Yalin Lin conspired with James

17  Liu to dilute Mintel's share of the profits in the Collaboration Agreement – which was signed

18  on behalf of Mintel by James Liu, and on behalf of Kaidi by Yalin Lin – and that all

19  defendants conspired with James Liu to misappropriate Mintel's software and other trade

20  secrets, to copy Mintel's protected software, to commit fraud against Mintel, and to engage

21  in false advertising and unfair competition.

22         Yan Liu and Jun Zhang assert that "[b]y these allegations, [Mintel] has successfully

23  established that James Liu, the co-founder and former CEO and former major shareholder

24  of [Mintel], is a necessary and indispensable party for the [c]ourt to consider [Mintel's]

25  conspiracy allegations."  In particular, they argue that the claim of civil conspiracy against

26  them should be dismissed because James Liu – who, as Mintel's CEO, negotiated the

27  Mintel/Kaidi Collaboration Agreement on behalf of Mintel – is not named as a defendant in

28  this lawsuit.  They argue that "[w]ithout James Liu, complete relief cannot be accorded to

17

United States District Court

For the Northern District of California

1   the parties of this action."

2        In opposition, Mintel disputes the theory proposed by Yan Liu and Jun Zhang – that

3   a co-conspirator is an indispensable party under Rule 19.  Mintel asserts that it does not

4   need to join James Liu in order to obtain complete relief against Yan Liu and Jun Zhang.

5   Mintel also claims that it has settled with James Liu for his liabilities related to the present

6   case, and is presently suing him for breach of the settlement agreement and other related

7   matters in Mintel Learning Technology, Inc. v. U.S. Ivy Learning Networks, Inc., C-06-4994-

8   JW (N.D. Cal.).

9        In response, Yan Liu and Jun Zhang argue that James Liu is an indispensable party

10  because his alleged involvement is at the center of all Mintel's claims, and because "the

11  nature of his alleged role would expose [Yan Liu and Jun Zhang] to multiple or inconsistent

12  obligations as well as impair his ability to protect his interest in this suit."  They assert that

13  the contract to which "defendants" are parties (presumably referring to the Collaboration

14  Agreement, to which Mintel and Kaidi were parties) is at issue in this litigation, and "the

15  resolution of [Mintel's] claims will therefore reasonably require the court to determine the

16  rights and obligations of [Mintel] and [d]efendants under the alleged Collaboration

17  Agreement and its subsequent supplemental agreements."

18       Yan Liu and Jun Zhang argue that the cases cited by Mintel "do not address the

19  situation where [d]efendants were conspiring with [p]laintiff's CEO in a breach of contract

20  claim."  They assert that James Liu signed the Collaboration Agreement on behalf of Kaidi,

21  and "is therefore the acting party to the underlying contract," and that he is also "operating

22  a competing company and allegedly committing the same wrongs as [d]efendants."

23       According to Yan Liu and Jun Zhang, "the issues at trial cannot be fully resolved" if

24  James Liu is not present in this action.  They contend that "[h]is absence not only severely

25  prejudices [d]efendants' case, but also exposes [d]efendants to risk of multiple or

26  inconsistent obligations because of [James] Liu's interest."

27       Yan Liu and Jun Zhang also argue that James Liu's interest in the present action

28  "will be affected without his joinder."  As an example, they assert that if James Liu is not

United States District Court

For the Northern District of California

1  joined, "he will not be given the opportunity to protect his rights" regarding any

2  determination by the finder of fact as to which of Mintel's trade secrets were

3  misappropriated.  They claim in addition that "[t]he matter is of interest to him since he is

4  also allegedly using the same misappropriated trade secrets in his own company."

5      The court finds that the motion to dismiss for failure to join James Liu as an

6  indispensable party must be DENIED.  When considering whether to dismiss an action for

7  failure to join a purportedly indispensable party, the court must follow the three-step

8  process set forth in Rule 19.

9      First, the court must determine whether the absent party is "necessary." . . .  If
   the absent party is "necessary," the court must determine whether joinder is

10  "feasible."  Finally, if joinder is not "feasible," the court must decide whether
   the absent party is "indispensable," i.e., whether in "equity and good

11  conscience" the action can continue without the party.

12  U.S. v. Bowen, 172 F.3d 682, 688 (9th Cir. 1999) (citing Fed. R. Civ. P. 19).

13      A motion to dismiss for failure to join an indispensable party requires the moving

14  party to bear the burden in producing evidence in support of the motion.  Biagro Western

15  Sales Inc. v. Helena Chem. Co., 160 F.Supp. 2d 1136, 1141 (E.D. Cal. 2001).  In this case,

16  Yan Liu and Jun Zhang have made no showing that James Liu satisfies the requirements of

17  Rule 19.

18      The first requirement is that he be a "necessary" party.  Rule 19(a)(1) provides that a

19  party is "necessary" in two circumstances – when complete relief is not possible without the

20  absent party's presence, or when the absent party claims a legally protected interest in the

21  action.  Yellowstone County v. Pease, 96 F.3d 1169, 1172 (9th Cir. 1996); see also

22  Schnabel v. Lui, 302 F.3d 1023, 1029-30 (9th Cir. 2002).

23      Thus, in a Rule 19(a)(1) analysis, the court must consider two questions – whether

24  the absence of the party would preclude the district court from fashioning meaningful relief

25  as between the parties, and whether the absent party's participation is necessary to protect

26  its legally cognizable interests or to protect existing parties from a significant risk of

27  incurring multiple or inconsistent obligations because of those interests.  See Fed. R. Civ.

28  P. 19(a)(2)(i) & (ii).

United States District Court

For the Northern District of California

1    Yan Liu and Jun Zhang contend that complete relief is not possible in this action

2    without James Liu's presence.  However, "[i]t has long been the rule that it is not necessary

3    for all joint tortfeasors to be named as defendants in a single lawsuit."  Temple v. Synthes

4    Corp. Ltd., 498 U.S. 5, 7 (1990).  "The Advisory Committee Notes to Rule 19(a) explicitly

5    state that 'a tortfeasor with the usual "joint-and-several" liability is merely a permissive party

6    to an action against another with like liability."  Id.  Co-conspirators, like other joint

7    tortfeasors, are not deemed indispensable parties.  Lawlor v. Nat'l Screen Serv. Corp., 349

8    U.S. 322, 329-30 (1955).  Because the liability of joint tortfeasors is both joint and several,

9    a plaintiff can sue one without suing the others, and the court can afford a plaintiff complete

10    relief in the absence of all the joint tortfeasors in the same lawsuit.

11    Yan Liu and Jun Zhang also assert that James Liu's participation is necessary to

12    protect his legally cognizable interests and to protect defendants from the risk of incurring

13    multiple or inconsistent obligations because of James Liu's interests.  Joinder is

14    "'contingent . . . upon an initial requirement that the absent party claim a legally protected

15    interest relating to the subject matter of the action.'"  Bowen, 172 F.3d at 689 (quoting

16    Northrup Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983)).  Here,

17    Yan Liu and Jun Zhang simply hypothesize that James Liu's interests will be impaired if he

18    is not joined in this action.  They offer no evidence that James Liu himself has asserted a

19    protected interest in the subject matter of the action.

20    Yan Liu and Jun Zhang contend that they will risk multiple and inconsistent

21    obligations because of James Liu's interests in this action, on the theory that James Liu

22    might file a lawsuit alleging that "defendants" misappropriated his trade secrets.  The court

23    finds this argument somewhat incomprehensible, as the present lawsuit involves Mintel's

24    claim of misappropriation of trade secrets, and any dispute regarding third-party James

25    Liu's trade secrets would be irrelevant to the issues raised in this case.

**CONCLUSION**

27    In accordance with the foregoing, the court hereby rules as follows:

28    1)    The motion to dismiss the first cause of action for breach of contract, as

United States District Court
For the Northern District of California

1    alleged against Yan Liu and Jun Zhang, is GRANTED, without leave to amend.

2        2)    The motion to dismiss the sixth cause of action for civil conspiracy is

3    GRANTED.  Rather than pleading a separate cause of action for civil conspiracy, Mintel

4    must plead the elements of conspiracy as to each of the underlying claims –

5    misappropriation of trade secrets, false advertising in violation of the Lanham Act, copyright

6    infringement, and unfair competition.  In addition, to the extent that Mintel asserts

7    conspiracy to defraud, both the elements of civil conspiracy and the elements of the

8    underlying claim must be pled with particularity.

9        3)    The motion to dismiss the second cause of action for misappropriation of

10   trade secrets, the third cause of action for false advertising in violation of the Lanham Act,

11   and the fourth cause of action for copyright infringement, as alleged against Yan Liu and

12   Jun Zhang, is GRANTED, with leave to amend.  Although all three state a claim of the

13   underlying violation, each must be amended to plead the elements of civil conspiracy as to

14   the underlying claim in order to state a claim against Yan Liu and Jun Zhang.

15       4)    The motion to dismiss the fifth cause of action for unfair competition is

16   GRANTED, with leave to amend.  As indicated above, Mintel must provide a more specific

17   statement with regard to whether the challenged conduct is alleged to be unfair, unlawful,

18   or fraudulent – and if fraudulent, must plead facts with particularity.  In addition, the claim

19   must be amended to plead the elements of civil conspiracy.

20       5)    The motion to dismiss the claims alleged against Yan Liu and Jun Zhang for

21   failure to join an indispensable party is DENIED.

22       6)    The second amended complaint shall be filed no later than September 12,

23   2007.

24   **IT IS SO ORDERED.**

25   Dated:  August 9, 2007

26                                                    _____
                                                     PHYLLIS J. HAMILTON
27                                                   United States District Judge

28